787 F.2d 594
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES FRANKLIN VANDERGRIFF, Plaintiff-Appellant,
v.
THE STATE CORRECTION DEPARTMENT OF TENNESSEE; MEDICAL
PERSONNEL AT BRUSHY MOUNTAIN PRISON; MR. SEMMER, STAFF
NURSE; MEDICAL PERSONNEL AT MAIN PRISON HOSPITAL, NASHVILLE,
TENNESSEE, Defendants-Appellees.
 85-5892
 United States Court of Appeals, Sixth Circuit.
 3/3/86
 
 AFFIRMED
 E.D.Tenn.
 ORDER
 BEFORE: LIVELY, Chief Judge, MERRITT and NELSON, Circuit Judges.
 
 
 1
 This matter is before the Court for consideration of plaintiff's motion for counsel and appeal from the district court's order dismissing his complaint. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon consideration of plaintiff's motion, informal brief and the certified record, the panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff, a Tennessee state prisoner, filed a complaint under 42 U.S.C. Sec. 1983 alleging that defendants are liable for medical malpractice and cruel and unusual punishment by misdiagnosing and negligently treating his lung condition. He further contends that his lung condition is the result of being incarcerated in a hazardous environment. The district court found that plaintiff's complaint lacked factual support to substantiate a claim for relief. Plaintiff filed a notice of appeal and moved this Court for appointment of counsel.
 
 
 3
 District Judge Hull correctly dismissed the complaint for failure to state a claim under Rule 12(b), Federal Rules of Civil Procedure. He states:
 
 
 4
 'The complaint is conclusory and alleges no specific acts, either intentional or negligent, by any individual defendant. The complaint alleges no facts sufficient to show a deliberate indifference to a serious medical need by state defendants.'
 
 
 5
 Federal law requires a prisoner to state sufficient facts to show that prison officials are guilty of 'deliberate indifference' to his medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). No such facts are alleged. No facts giving rise to a separate claim of cruel and unusual punishment are alleged either.
 
 
 6
 It is therefore ORDERED that plaintiff's motion for counsel be and hereby is denied and the district court's decision affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.